**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

In re:

CARPETS, INC.,            Case No. 8:11-bk-13352-MGW

    Debtor.                  Chapter 7
_____/

NICOLE M. CAMERON, TRUSTEE,

                             Adv. Pro. No. 8:13-ap-00895-MGW

    Plaintiff,

vs.

JULIAN STANFORD LIFSEY, SR. and
JANET LIFSEY,

    Defendants.
_____/

**MEMORANDUM OPINION AND**
**ORDER DENYING MOTION TO DISMISS**

Under both the Bankruptcy Code and Florida Statute 726, the trustee may avoid transfers that are either preferential or fraudulent and then pursue recovery of the value of the property transferred against any party for whose benefit the transfer was made. In this case, the Trustee has alleged that the Debtor, at a time that the Defendants did not perform any services or work in the Debtor's business, paid numerous living expenses for the benefit of the Defendants. The Defendants have moved to dismiss the complaint on the grounds that the parties to whom these payments were made are either necessary parties to this action as initial transferees or that the complaint must allege sufficient facts to demonstrate that the initial transferees were mere conduits. The Court concludes that there is no requirement to either join the initial recipients as

parties or to allege that they were conduits given the allegations of the complaint that the subject transfers were made "for the benefit of" the Defendants. Accordingly, the Court will deny the Defendants' Motion to Dismiss.

*The Complaint.*

Essentially the complaint alleges that Defendant Julian Stanford Lifsey, Sr. ("Lifsey, Sr."), while performing no services for the Debtor, treated the Debtor as his personal ATM machine. In this regard, according to the complaint, over the course of the four-year period preceding the filing of the case, Lifsey Sr. drew a salary from the Debtor. The salary payments were paid through payroll servicers, Gevity (now TriNet) and A1 Staffing. Health insurance payments were made to Humana Insurance for the benefit of the Debtor. Mortgage payments on the Defendants' personal residence were paid to Bank of Tampa on behalf of the Defendants. The Debtor paid cell phone bills to AllTel and AT&T for the cell phones used by both Defendants. And a credit card issued to the Debtor was provided to Lifsey, Sr. for his personal use.

In the complaint, the trustee contends that all of these payments are avoidable either as having been made with the actual intent to defraud or having been made in exchange for less than reasonably equivalent value under the applicable provisions of 11 U.S.C. § 548 or Florida Statutes, §§ 726.105 and 726.106. In addition, the complaint alleges that a portion of these transfers were preferential and therefore avoidable under 11 U.S.C. § 547. The trustee requests this Court enter a judgment against the Defendants for all amounts transferred to them during the applicable time periods based on their being initial transferees of avoidable transfers under 11 U.S.C. § 550.

*Motion to Dismiss.*

In response to the complaint, the Defendants filed a motion to dismiss under various theories. A hearing was held on the motion to dismiss on November 19, 2013, at which time the Court denied the motion to dismiss as to all grounds raised by the Defendants except that the Court took under advisement the argument that the complaint fails to adequately allege or establish that the non-named initial recipients, Humana, Alltel, AT&T, and Bank of Tampa, were mere conduits lacking control over the transfers. The Defendants also contend that the initial recipients of the transfers are necessary parties to this adversary proceeding.

*Statutory Framework for Avoidance of Preferential or Fraudulent Transfers.*

Bankruptcy Code §§ 547 and 548 provide that the trustee may avoid transfers that are either preferential or fraudulent. Bankruptcy Code § 550 then goes on to provide that the trustee may recover the value of the property transferred from either the initial transferee of such transfer or the entity for whose benefit such transfer was made.[1]

In a similar fashion, § 726.108, Florida Statutes, provides that a creditor (and in this case the trustee standing in the shoes of an unsecured creditor under 11 U.S.C. § 544(b)(1)) may avoid a transfer that is fraudulent under either § 726.105 or § 726.106, Florida Statutes.[2] Section 726.109, Florida Statutes, provides that to the extent a transfer is avoidable under § 726.108(a)(1), then judgment for the value of the asset transferred may be entered against the first transferee of the asset or the person for whose benefit the transfer was made.[3]

Importantly, and relevant to this proceeding, under § 550, once a trustee proves that a transfer is avoidable, the trustee may seek to recover against any transferee or an entity for

---

[1] 11 U.S.C. § 558(a)(1).

[2] § 726.108(1)(a), Fla. Stat.

[3] § 726.109(2)(a), Fla. Stat.

whose benefit the transfer is made.[4]  An interpretation of § 550 mandating actual avoidance of initial transfers "conflates Chapter 11's avoidance and recovery sections" and is not required.[5] It is sufficient to simply allege sufficient facts to show a plausible case that the Defendants were the beneficiaries of avoidable transfers .[6] The Plaintiff has done this.

Accordingly, it is

**ORDERED:**

1. The Motion to Dismiss is DENIED.

2. The Defendants will have 14 days from the date of this Order to file an answer.

**DATED**: _____December 23, 2014_____.

_____
Michael G. Williamson
United States Bankruptcy Judge

Attorney Allan C. Watkins is directed to serve a copy of this Order on interested parties and file a proof of service within 3 days of entry of the order.

---

[4] *In re Int'l Admin. Servs., Inc.*, 408 F.3d 689, 706 (11th Cir. 2005).

[5] *Id*.

[6] See generally, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 U.S. S. Ct 1955, 167 L. Ed. 2d 929 (2007); accord *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009) (providing guidance on the application of *Twombly*); *Roberts v. Balasco*, 459 B.R. 824, 835 (Bankr. M.D. Fla. 2011) (applying *Twombly* and *Iqbal* to avoidance claims brought by liquidating trustee and finding that the complaint failed to meet certain pleading requirements).